AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe<br>the object or property to be used for tracking)*<br>A white Mitsubishi SUV, Bearing South Carolina<br>License Plate Number RDR838 and Vehicle<br>Identification Number JA4AS3AA3KZ039827 | ) ) ) ) ) ) Case No. 1:19MJ -558 |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841(a)(1), 846__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☐ property designed for use, intended for use, or used in committing a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A white Mitsubishi SUV, Bearing South Carolina License Plate Number RDR838 and Vehicle Identification Number JA4AS3AA3KZ039827

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Tyler D. Field, Special Agent, DEA
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: 8/2/19

_____
*Judge's signature*

City and state: Cincinnati, Ohio

Hon. Karen L. Litkovitz, U.S. Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA For An Order Authorizing The Installation And Monitoring Of A Tracking Device In Or On A **white Mitsubishi SUV**, Bearing South Carolina License Plate Number **RDR838** and Vehicle Identification Number **JA4AS3AA3KZ039827** | CASE NO. 1:19MJ -558<br>Fed. R. Crim. P. 41;<br>18 U.S.C. § 3117<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Tyler D. Field, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a **white Mitsubishi SUV**, bearing South Carolina license plate number **RDR838** and vehicle identification number **JA4AS3AA3KZ039827** ("the **SUBJECT VEHICLE**"). Based on the facts set forth in this affidavit, I believe that the **SUBJECT VEHICLE** is presently being used in furtherance of 21 U.S.C. § 841(a)(1) and 846 and that there is probable cause to believe that the installation of a tracking device on the **SUBJECT VEHICLE** and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. I am a Special Agent (SA) of the Drug Enforcement Administration (DEA) and have been so employed since March 2016. I also serve as a U.S. Army Military Police Major in the Indiana Army National Guard and have done so for over seventeen years. Prior to being

employed with the DEA, I was employed as a police officer for the Town of Bridgewater, Massachusetts for over three years. I graduated from the U.S. Army Military Police School, Plymouth Police Academy, and DEA Basic Agent Academy. During those courses I received training in the investigation of offenses involving controlled substances. As a Special Agent of the DEA, my duties and responsibilities include conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code. As a DEA agent, I participated in approximately fifteen criminal investigations seeking evidence of violations of the Federal Controlled Substances Act (Title 21, of the United States Code).

3. I am currently assigned to the Cincinnati Resident Office of the DEA. I received specialized training from the DEA, including the 18-week Basic Agent Training course. That training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. The sources of my information and beliefs include oral and written reports about this and other investigations received from fellow agents and Task Force Officers with the DEA. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841 and 846 have been committed, are being committed, and will be committed by David KEMP, Kevin BENFORD Sr., and other as-yet unknown individuals. I believe there is probable cause that the **SUBJECT VEHICLE** is being used in furtherance of the aforementioned crimes and that there is also probable cause to believe that the locations of the **SUBJECT VEHICLE** will constitute evidence of those criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

6. In December, 2018, agents met with a Cincinnati Police Department confidential source (CS[1]) who told agents that KEMP sells fentanyl. The CS said that during December 2018, KEMP provided the CS with approximately a gram of suspected fentanyl[2] as a "tester." The CS said that KEMP told the CS that it was fentanyl. KEMP also told the CS that KEMP currently had kilogram quantities of fentanyl. The CS described the fentanyl as white with a yellow tint. The CS stated that KEMP currently uses multiple telephone numbers, to include 513-276-0751.

7. On March 29, 2019, at approximately 11:13 a.m., court authorized geo-location information indicated that KEMP's telephone 513-276-0751 was located within approximately 2,301 meters of the area of 3114 Veazey Avenue, Cincinnati, Ohio. At approximately 11:35 a.m., agents observed an individual briefly meet with the occupants of a silver Nissan SUV with Ohio license plates HQJ2806 in the parking lot of the City Limits Laundry and Tan located at 5262 Crookshank Road, Cincinnati, Ohio. The area of 3114 Veazey Avenue is located within

---

[1] CS# 2 has been previously charged with a felony drug-trafficking violation and is cooperating for monetary payment. CS# 2 has previously been able to provide information that has been independently corroborated by law enforcement officers and your affiant considers CS# 2 reliable.
[2] CS# 2 was not expecting KEMP to give CS# 2 fentanyl during their encounter. Unsure of what to do with the fentanyl, CS# 2 discarded the fentanyl. As a result, investigators were not able to submit the suspected fentanyl for analysis.

3

approximately 825 meters of 5262 Crookshank Road. According to the Ohio Bureau of Motor Vehicles, the Nissan was registered to Enterprise Rental Car. Based on my training and experience, I am aware that drug traffickers often use rental vehicles to distribute controlled substances in order to avoid detection from law enforcement. Officers/agents identified KEMP as the driver and Joshua HOPGOOD as the front passenger. The individual entered the Nissan and then moments later exited the Nissan and departed the area. Based on my training, experience, discussions with other law enforcement officers/agents, I am aware that meetings between drug traffickers to either distribute controlled substances or discuss the future distribution of controlled substances are often very brief.

8. Following the meeting, the Nissan departed the area and travelled eastbound through multiple residential neighborhoods. At approximately 12:00 p.m., surveillance was terminated in the vicinity of Harrison Avenue and Lafueille Avenue, Cincinnati, Ohio. At approximately 12:02 p.m., geo-location information indicated that KEMP's telephone 513-276-0751 was located within approximately 1,575 meters of the area of 2818 Lafeuille Avenue, which was in close proximity to were surveillance was terminated. Based on my knowledge that KEMP's telephone 513-276-0751 travelled in a manner consistent with KEMP's observed movements, I believe that KEMP possessed telephone 513-276-0751 at the time of the drug transaction.

9. According to information obtained from Enterprise Rental Car, the Nissan was rented by Kevin BENFORD Sr. (KEMP's brother), on March 19, 2019 and returned on April 2, 2019.

10. In March 2019, the CS told agents that KEMP was now using telephone number 513-348-8716 to distribute controlled substances and was soon going to stop using telephone number 513-276-0751. Beginning on April 6, 2019, I learned that Sprint was no longer able to

4

locate KEMP's telephone 513-276-0751. Consequently, I believe that KEMP stopped using telephone number 513-276-0751.

11. On May 14, 2019, at approximately 7:50 a.m., court-authorized geo-location information indicated that KEMP's telephone 513-348-8716 was located within approximately 2,301 meters of the area of 3114 Veazey Avenue, Cincinnati, Ohio. At approximately 8:30 a.m., the DEA Cincinnati Resident Office established surveillance in the area of 3142 W. Tower Avenue. 3142 W. Tower Avenue is located within approximately 145 meters from the area of 3114 Veazey Avenue.

12. At approximately 12:21 p.m., agents observed a grey Nissan Maxima with Ohio license plates HRL7644 driven by an unidentified black male park in the driveway of 3142 W. Tower Avenue. According to the Ohio Bureau of Motor Vehicles, Ohio license plates HRL7644 are registered on a gray 2019 Nissan Maxima to Enterprise Rental Car. Based on my training and experience, I am aware that drug traffickers often use rental vehicles to distribute controlled substances in order to avoid detection from law enforcement. At approximately 12:22 p.m., agents observed KEMP wearing a gray hooded sweatshirt walk away from the front door of 3142 W. Tower Avenue and enter the front passenger door of the Maxima. Moments later, the Maxima departed the driveway and travelled west on W. Tower Avenue toward Glenway Avenue.

13. At approximately 12:24 p.m., the Maxima stopped at the Shell Gas Station located at 5984 Glenway Avenue, Cincinnati, Ohio and parked next to a gas pump. An individual walked to the Maxima and entered the rear driver's side door. Moments later, the individual exited the Maxima and got into the individual's vehicle and departed the area, on Werk Road. The Maxima drove to another gas pump and remained parked. Based on my training, experience, discussions with other law enforcement officers/agents, I am aware that meetings between drug

traffickers to either distribute controlled substances or discuss the future distribution of controlled substances are often very brief.

14. According to information obtained from Enterprise Rental Car, the Maxima was rented by BENFORD Sr. on May 11, 2019 and returned on May 14, 2019.

15. On June 19, 2019, at approximately 11:48 a.m., agents observed KEMP, Anthony WILSON, and a child exit the front door of 3142 W. Tower Avenue. KEMP entered the driver's seat of a Chrysler 300 with Florida license plates JKIZ06. According to the Florida Department of Motor Vehicles, the Chrysler is owned by PV Holdings, a subsidiary of the Avis Budget Group, Inc. At approximately 11:49 a.m., court authorized geo-location information indicated that KEMP's telephone 513-348-8716 was located within approximately 2,301 meters of the area of 3114 Veazey Avenue, Cincinnati, Ohio. Moments later, the Chrysler departed the area, travelling west on W. Tower Avenue and was not followed by surveillance. At approximately 12:06 p.m., KEMP's telephone 513-348-8716 was within approximately 310 meters of the area of 2000 Westwood Northern Blvd, Cincinnati, Ohio. Based on my knowledge that KEMP's telephone 513-348-8716 travelled in a manner consistent with KEMP's observed movements, I believe that KEMP possessed telephone 513-348-8716 when he departed the area in the Chrysler.

16. According to information obtained from the Avis Budget Group, Inc., the Chrysler was rented by BENFORD Sr., on June 7, 2019 and was exchanged for a different rental car on June 8, 2019. According to Avis Budget Group, Inc., records, the Chrysler was internally dispatched on June 14, 2019 but was not rented to a customer. Based on my observations of KEMP driving the Chrysler on June 19, 2019, I believe that someone working at the local rental car branch provided the rental vehicle to BENFORD Sr. or KEMP to be used by KEMP.

17. On July 11, 2019 at approximately 3:05 p.m., the Honorable Stephanie K. Bowman, United States Magistrate Judge in the Southern District of Ohio, signed a search warrant authorizing the tracking of a silver 2017 Nissan Four Door Sedan Bearing Illinois License Plate Number AM73461. According to the Illinois Department of Motor Vehicles, the Nissan was a rental vehicle registered to Hertz Vehicles LLC. According to Hertz Rental cars, the Nissan was rented by BENFORD Sr. on July 1, 2019.

18. On July 15, 2019 at approximately 2:29 p.m., agents observed WILSON park the Nissan in the area of 2908 Short Vine Street, Cincinnati, Ohio. Approximately a minute later, agents observed WILSON meet with an unidentified black male who appeared to be an employee of the Donatos Pizza located at 2914 Short Vine Street. The unidentified male approached the vehicle with nothing in his hand. The unidentified male stood on the street and spoke with WILSON through the front passenger side window. TFO Baker observed the unidentified male reach through the front passenger window in a manner consistent with a hand-to-hand drug transaction. The unidentified male then walked back inside the Donatos Pizza and the Nissan departed the area. As the unidentified male walked back towards the Donatos Pizza, it appeared that the unidentified male was carrying an object in his hand.

19. According to Hertz Rental car, the Nissan was returned on July 27, 2019.

20. On July 30, 2019, agents observed a **white Mitsubishi SUV**, bearing South Carolina license plate number **RDR838** (the **SUBJECT VEHICLE**) parked on the street in the area of WILSON's address located at 3580 Reading Road. According to the South Carolina Department of Motor Vehicles, the **SUBJECT VEHICLE** is registered to PV Holding Corp. According to the Avis Budget Group, Inc., the **SUBJECT VEHICLE** was rented by BENFORD Sr. on July 26, 2019. Later on July 30, 2019, agents observed the **SUBJECT VEHICLE** parked

in the driveway of KEMP's residence located at 3142 W. Tower Avenue. Based on my training and experience, I am aware that drug traffickers often use rental vehicles to distribute controlled substances in order to avoid detection from law enforcement.

21. Based on my training, experience, discussions with other law enforcement officers/agents, the CS' statements that KEMP is a source of supply for heroin/fentanyl, the CS' statement that BENFORD Sr. is KEMP's source of supply, my belief that KEMP was involved in a drug transaction on March 29, 2019 using a vehicle rented by BENFORD Sr., my belief that KEMP conducted a drug transaction on May 14, 2019 using a vehicle rented by BENFORD Sr., my observations on July 15, 2019 of WILSON using a vehicle rented by BENFORD Sr. to conduct what appeared objectively to agents, based on their training and experience, as a hand-to-hand drug transaction, agents' observations of the **SUBJECT VEHICLE** parked near WILSON's residence on July 30, 2019 and later in the driveway of KEMP's residence, my knowledge that BENFORD Sr. recently rented the **SUBJECT VEHICLE,** and my knowledge that drug traffickers often use rental vehicles to distribute controlled substances in order to avoid detection from law enforcement, I believe that KEMP and WILSON are using the **SUBJECT VEHICLE** in furtherance of their drug trafficking activities. I further believe that BENFORD Sr. continuously rents vehicles for KEMP in order avoid law enforcement from detecting their drug trafficking conspiracy and that the **SUBJECT VEHICLE** continues that pattern.

22. I have used mobile telephone geo-location information to track KEMP's location. I believe that a GPS tracking device will be a more efficient method of doing so. Based on my training and experience, I know that GPS tracking devices often provide more accurate location information than mobile telephone geo-location information. I also know that a GPS tracking

8

device provides real-time location information as opposed to mobile telephone geo-location information, which can only provide the telephone's location every 15 minutes.

23. The use of a vehicle tracker is vital and necessary for investigators to continue said investigation to track the operator (KEMP) of the **SUBJECT VEHICLE** conducting narcotics transactions with known traffickers, and or transporting the proceeds from the sales of narcotics. Additionally, the use of an installed vehicle tracker on the above **SUBJECT VEHICLE** will allow investigators to establish a criminal pattern of KEMP.

24. Pursuant to Title 18, United States Code, Section 3117, for the reasons set forth above, and in good faith, your affiant requests authorization for a Tracking Warrant on the **SUBJECT VEHICLE** for (45) calendar days.

25. In order to track the movement of the **SUBJECT VEHICLE** effectively and to decrease the chance of detection, I seek authorization to place a tracking device in/on the **SUBJECT VEHICLE** while it is in the Southern District of Ohio. Because KEMP sometimes parks the **SUBJECT VEHICLE** in driveways and on other private property, it may be necessary to enter onto private property and/or move the **SUBJECT VEHICLE** to effect the installation, repair, replacement, and removal of the tracking device.

26. To ensure the safety of the executing agent(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours.

27. In the event the Court grants this application, there will be a periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following the installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance. Based on agent's observations

and surveillance, I know that the **SUBJECT VEHICLE** is presently within the Southern District of Ohio.

### AUTHORIZATION REQUEST

28. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the **SUBJECT VEHICLE** within the Southern District of Ohio within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the **SUBJECT VEHICLE** after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter private property and/or move the **SUBJECT VEHICLE** to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern District of Ohio.

29. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

30. I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of agents and others.

Respectfully submitted,

_____
Tyler D. Field
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this 2 day of August 2019

_____
Honorable Karen L. Litkovitz
United States Magistrate Judge

11